IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No.03-2868 T
(Judge Thomas C. Wheeler)

AVENTIS, INC.,

Plaintiff

v.

THE UNITED STATES,

Defendant

NOTICE OF JURISDICTIONAL QUESTION

Defendant hereby gives notice to the Court and to plaintiff that, under the reasoning of this Court's Opinion and Order of March 2, 2007, in *Browning-Ferris Industries, Inc. v. United States*, Fed. Cl. No. 05-738T (hereinafter, "*BFI*"), an unanswered jurisdictional question exists in the instant *Aventis* suit. The United States respectfully disagrees with the *BFI* opinion and does not move to dismiss the complaint in this case, but it acknowledges that the Court has the prerogative and the duty to address jurisdictional issues *sua sponte*. *Cf. Cromer v. Nicholson*, 455 F.3d 1346, 1348 (Fed. Cir. 2006), *rehear'g & rehear'g en banc denied* (Oct. 30, 2006).

Under the reasoning of *BFI*, the adequacy of the refund claim filed by the taxpayer in this suit would have to be analyzed to see whether the claim (for the 1992 suit year) was filed by the proper entity. At issue in *Aventis* are foreign tax credit carryovers attributable to foreign taxes



2348204.1

paid in 1988 and 1989 by an entity, originally named Merrill Dow Pharmaceuticals ("MDP"), that was (until 1990) a member of the consolidated group of which the Dow Chemical Company was the common parent. The 1992 claim at issue here was filed in 1999, in the name of "HMR Pharma, Inc. and Subsidiaries (formerly Marion Merrill Dow, Inc.)," after a history of several reorganizations within and outside the Dow Chemical group. In the circumstances, we cannot tell whether Aventis would be able to show that HMR Pharma, Inc. and Subsidiaries was the proper entity to file the claim, under the standard enunciated in the Court's March 2, 2007, order in *BFI*.

According to the complaint, prior to 1990, Marion Merrill Dow, Inc., was a member of the consolidated group of which Dow Chemical Company was the common parent. On July 18, 1995, Marrion Merrill Dow changed its name to Hoechst Marion Roussel, Inc. On December 15, 1999, Hoechst Marion Roussel, Inc., changed its name to Aventis Pharmaceutical, Inc., and it merged into HMR Pharma, Inc., on December 28, 2001. On December 31, 2001, HMR Pharma, Inc., merged into Rhone-Poulenc-Rorer, which changed its name to Aventis, Inc. on June 13, 2002.[1]

As recounted in the complaint, Marion Merrill Dow, Inc., filed the federal income tax return for the suit year (1992), and reached a settlement with the IRS Appeals Office. It later determined that it might carry forward foreign tax credits from tax years 1988 and 1989, when it was a member of the Dow Chemical Company consolidated group. On

[1]Documents contained in the IRS's administrative files for this case indicate that the series of name changes and reorganization transactions is even more complex than the condensed description set forth in the complaint.

October 7, 1999, a refund claim for 1992, based on the carryovers, was filed in the name of "HMR Pharma, Inc. and Subsidiaries (formerly Marion Merrill Dow, Inc.)." The IRS proposed to partially disallow the claim, and, on October 24, 2001, HMR Pharma, Inc., executed a Form 3363 (Acceptance of Proposed Disallowance of Claim for Refund or Credit) and a Form 2297 (Waiver of Statutory Notice of Claim Disallowance). This suit was filed timely thereafter.

As the Court is aware, the parties jointly requested that this suit be suspended, prior to the filing by defendant of a response to the complaint. The request was based on the parties' belief that the issue of the amount of any allowable foreign tax credit carryovers depended on the ultimate outcome of the related Dow Chemical litigation that involved the tax years in which the claimed carryover credits arose.[2] Although the United States has not filed an answer in this suit, we are not moving to dismiss the complaint, because we believe that the refund claim filed in the name of HMR Pharma, Inc., was a jurisdictionally sufficient predicate for this suit. The Court may wish to request from the plaintiff additional information pertinent to the *BFI* opinion.

[2]The parties are due to file a joint report regarding proposed further proceedings in this case on March 30, 2007, pursuant to the Court's order of March 2, 2007.

Respectfully submitted,

s/ *Mary M. Abate*

MARY M. ABATE
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6507

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

s/ *David Gustafson*

March 26, 2007 Of Counsel